IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR79 |
| vs. | ORDER |
| KENNETH DEAN BECKER, | |
| Defendant. | |

This matter is before the Court on the government's motion for forfeiture of $3,833.00 seized during the arrest and search of the defendant's living quarters. The Court adduced testimony and argument. Assistant U.S. Attorney Mikala Purdy-Steenholdt appeared on behalf of the government. Donald L. Schense appeared on behalf of the defendant. The defendant Mr. Becker also was present.

Fed. R. Crim. P. 32.2(b)(1)(A) requires the court to "determine what property is subject to forfeiture under the applicable statute" following "a verdict or finding of guilty." It further states, "[I]f the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." *Id.* "The court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

"Property is subject to forfeiture when it is used to commit or facilitate the commission of the offense of conviction, or where the property was acquired by the proceeds of a crime." *United States v. Coffman*, 364 F. App'x 192, 1 (6th Cir. 2010) (unpublished) (citing 21 U.S.C. § 853(a)(1)-(2)). "Property is considered to facilitate an

1

offense where the property in question bears a 'sufficient nexus' or a 'substantial connection' to the underlying offense." *Id.* "The government must prove by a preponderance of the evidence that the property is subject to criminal forfeiture." *Id.*; *see also United States v. Hull*, 606 F.3d 524, 527 (8th Cir. 2010).

The defendant's mother testified that her son lived in the basement of her home. She had a mold problem in her basement and contracted with her son to remediate the problem. The month before his arrest she gave the defendant $3,000.00 to perform the work. There was no written or corroborating evidence of the agreement, although the basement debris found outside the home the night of the arrest could be considered evidence of part performance. Based on her recollection, the defendant was able to remove the problem materials, including paneling and carpeting. The defendant was arrested before he could complete the work to repair the basement. She ultimately relied on friends and relatives to complete most of the repair work.

She makes claim to $3,000.00 of the $3,833.00 in cash seized.

The government contends the defendant's mother has no claim to the cash. Assuming arguendo defendant's mother did give him money to complete work, the cash was comingled with drug proceeds, specifically the marked $800.00 used for a two-ounce controlled buy which preceded the defendant's arrest.

In addition to the cash the government seized, 376 grams of actual methamphetamine and 18 oxycodone pills. The defendant previously sold 49 grams of actual methamphetamine to a confidential source earlier the day of his arrest for $800.00. A rough mathematic calculation leads the Court to believe the defendant had over $6,000.00 of methamphetamine on hand at the time of his arrest.

2

Assuming the defendant's mother gave her son, the defendant, $3,000.00, if she is entitled to anything, it would be only a part of the $3,000.00 because the defendant completed a substantial part of the remediation. More importantly, before his arrest, some, or all, of those funds undoubtedly were used to finance his drug operation. The Court is not aware of the financing between the defendant and his drug supplier. It is reasonable to conclude that the defendant had to pay in advance for the methamphetamine he had on hand, or to continue to pay for previously fronted controlled substance in order to have such a large quantity on hand. The government has demonstrated by a preponderance of the evidence a nexus between the money seized and the defendant's illegal drug operation.

The Court finds that the claim of the defendant's mother is without merit.

IT IS ORDERED that the $3,833.00 in U.S. currency seized by the government from 12425 V Street, Omaha, Nebraska, on or about January 16, 2020, is forfeited to the United States.

Dated this 30th day of December, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge