IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-79 |
| vs. | |
| | MEMORANDUM AND ORDER |
| KENNETH BECKER | |
| Defendant. | |

This matter is before the Court on initial review of Defendant Kenneth Becker's motion to vacate pursuant to 28 U.S.C. § 2255. Filing No. 114. Becker has also filed a motion seeking to proceed in forma pauperis. Filing No. 115.

## I. BACKGROUND

On August 30, 2021, Becker pleaded guilty to one count of possession with intent to distribute fifty grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1). Based on his possessing 376 grams of actual methamphetamine, the Court calculated Becker's base level offense at 32, which it decreased to 29 after subtracting three points for acceptance of responsibility. This resulted in a Guidelines range of 151 to 188 months. The Court sentenced Becker to 144 months' incarceration. Filing No. 89. Judgment was handed down on December 30, 2021. *Id.* On December 27, 2022, the United States Court of Appeals for the Eighth Circuit denied Becker's appeal regarding his Motion to Suppress filed on July 11, 2021. Filing No. 109. Becker now seeks review of the final judgment. Filing No. 114.

1

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

Becker now seeks to have his sentence vacated because he argues his counsel should have moved for a variance at sentencing based on the purity level of the methamphetamine.

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. *Id.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005).

Generally, that year begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Becker filed his § 2255 motion within one year of the expiration of the time within which to appeal his conviction, his motion is timely.

For a Sixth Amendment ineffective assistance claim to survive initial review, a defendant must satisfy a two-pronged test. First, the defendant must show that counsel's performance was deficient, and second, the deficient performance resulted in prejudice so severe that the outcome of the proceeding would have been different but for counsel's errors. Strickland v. Washington, 466 U.S. 668 (1984).

Becker contends that his counsel was ineffective for failing to argue for a variance at sentencing. The basis for Becker's argument is that Judge Bennett of the Northern District of Iowa has decreased methamphetamine defendants' sentences due to a policy disagreement with the Guidelines. See, e.g., United States v. Nawanna, 321 F. Supp. 3d 943 (N.D. Iowa 2018). In these cases, Judge Bennett has varied downward to compensate for what he sees as the disparity between sentences for crimes involving actual methamphetamine and those involving a meth mixture. Becker argues the Court should have granted a variance and given him a sentence equivalent to the one he would have received had the methamphetamine been a "mixture" rather than "pure" methamphetamine. Becker claims that had his counsel advanced such an argument, he would have received a lesser sentence.

On initial review, the Court finds that Becker is plainly entitled to no relief under § 2255. Counsel's failure to raise this purity argument at the sentencing hearing does not

3

constitute ineffective assistance of counsel because Becker cannot show the outcome of the sentencing proceeding would have been different.

A district court decides within its discretion whether or not to vary from the Guidelines. See *United States v. Angeles-Moctezuma*, 927 F.3d 1033, 1037 (8th Cir. 2019) (stating variance rulings "are reviewable under a 'deferential abuse-of-discretion standard' for the sentence's 'reasonableness'"). The decision of a district court judge in a different district to grant a variance is not binding upon this Court and has no bearing on whether this Court would grant a similar variance. Becker has offered no argument or evidence that the Court would have granted a downward variance in its discretion had counsel advanced the purity argument. In fact, the Court considered Becker's extensive and violent criminal history, the nature of the crime, and Becker's resistance to cooperating with probation services in determining an appropriate sentence, and there is no indication Becker's policy argument about purity would have affected that sentencing determination.

Additionally, the Court already granted Becker a variance to a lesser sentence. The Court sentenced Becker to 144 months, below the guideline range and within the range Becker argues he would have received had his counsel advanced the purity argument and the Court sentenced him in the same manner Judge Bennett sentenced similar defendants. Therefore, not only can Becker not show that the Court abused its discretion in not granting the variance he now argues for, he also cannot show that the sentence would have been different even had the Court granted the variance. Becker therefore cannot show prejudice resulted from his counsel's alleged failure to move for the variance at sentencing.

B. **Certificate of Appealability**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a 28 U.S.C. § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo*, 258 F.3d 893, 900–01 (8th Cir. 2001). The court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Becker has failed to show that reasonable jurists would find the claims raised in his § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to issue a certificate of appealability in this case based on the lack of a substantial showing of the denial of a constitutional right.

**III. CONCLUSION**

For the reasons set forth herein, the Court concludes it plainly appears from Becker's motion and the record of prior proceedings show that he is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the motion is dismissed on initial review.

IT IS ORDERED:

1. Defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 114 is denied.

2. Defendant's motion for leave to proceed in forma pauperis, Filing No. 115, is denied as moot.

3. No certificate of appealability will issue.

4. The Court will enter a separate judgment.

Dated this 18th day of December, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge